UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| EDGAR PERRY,<br><br>          Plaintiff,<br>   v.<br>CASHCALL INC, et al.,<br><br>          Defendants.<br>_____/ | No. C 13-02369 LB<br><br>**ORDER (1) DENYING PLAINTIFF'S "MOTION TO ADJOIN THE U.S. FEDERAL RESERVE BANK CONSUMER HELP TO THIS ACTION," (2) DENYING PLAINTIFF'S REQUEST THAT THE COURT "RECONSIDER 7/29/13 DISMISSAL OF THE U.S. CONSUMER FINANCIAL PROTECTION AGENCY AS DEFENDANT IN THIS ACTION," (3) DENYING PLAINTIFF'S REQUEST THAT THE COURT "INVESTIGATE" THE "DISAPPEARANCE" OF HIS EVIDENCE AND ACCEPT NEW EVIDENCE, (4) DENYING PLAINTIFF'S AUGUST 19, 2013 MOTION "PRAYING THE COURT TO RULE AS A MATTER OF POINTS OF LAW," AND (5) CONTINUING THE HEARING ON DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Re: ECF Nos. 25, 28, 32, 37, 46] |

**STATEMENT**

Plaintiff Edgar Perry, who is proceeding pro se, filed a complaint against defendants Cashcall, Inc. and the United States Consumer Financial Protection Agency. Complaint, ECF No. 1. He also filed an application to proceed in forma pauperis. IFP Application, ECF No. 3. The court granted

his application on June 10, 2013 and directed the U.S. Marshal to serve the complaint and summonses on both defendants. IFP Order, ECF No. 5. The U.S. Marshal served the complaint and summonses on Cashcall on June 19, 2013 and on the United States Consumer Financial Protection Agency on June 20, 2013. Executed Summonses (Cashcall & CFPA), ECF No. 27.

On July 3, 2013, Cashcall appeared and filed a motion to dismiss, see Motion, ECF No. 11. One week later, Mr. Perry filed a "Motion to Adjoin PFSA to this Action." Motion, ECF No. 14. Mr. Perry stated that the "PFSA" is Portuguese Fraternal Society of America. *Id.* at 1. He asked that the court allow him "to introduce into evidence" certain correspondence he apparently mailed to the PFSA. *Id.* The court construed Mr. Perry's motion as one to file an amended complaint to add new allegations and denied it without prejudice because he did not follow the procedures for doing so under Rule 15. 7/18/2013 Order, ECF No. 15.

Mr. Perry filed a First Amended Complaint as a matter of course on July 29, 2013. FAC, ECF No. 18. He still named Cashcall as a defendant, but he dropped the United States Consumer Financial Protection Agency as a defendant. *Id.* at 2; *see* SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 8:1386 (amendment under Rule 15 may be used to drop a party), 8:1551 (amended complaint that voluntarily drops a defendant named in the original complaint effectively dismisses that defendant from the action). He also added several additional parties as defendants, namely, the Portuguese Fraternal Society of America; First Bank of California; and the State of California. *See* FAC, ECF No. 18 at 2. Cashcall filed a motion to dismiss Mr. Perry's First Amended Complaint and noticed it for hearing on September 19, 2013. Cashcall Motion to Dismiss, ECF No. 25.

In light of the court granting Mr. Perry's IFP Application and ordering the United States Marshal to serve the original complaint and summonses, the court ordered the United States Marshal to serve, without prepayment of fees, a copy of the First Amended Complaint, any amendments or attachments, Mr. Perry's IFP affidavit, and this order upon the new defendants: the Portuguese Fraternal Society of America; First Bank of California; and the State of California. 8/21/2013 Order, ECF No. 30. The court acknowledged that Mr. Perry had dropped the United States Consumer Financial Protection Agency as a defendant in his First Amended Complaint and

C 13-02369 LB
ORDER                                    2

continued the hearing on Cashcall's motion to dismiss to November 7, 2013 to allow the new defendants time to be served and appear in this action. *Id.*

Around the same time, Mr. Perry filed a "Motion Praying the Court to Rule as a Matter of Points of Law." Opposition, ECF No. 28. The court considered this document to be Mr. Perry's opposition to Cashcall's motion to dismiss because in it he appears to do just that. *See id.* at 1-2 ("Further[,] Cashcall, Inc. asserts that [Mr. Perry] does not state facts of a claim and it denies [that he] did not have property insurance and, thus, [he] submits evidence to the contrary . . . .").

Although proofs of service have not been filed, it appears that the Portuguese Fraternal Society of America and the First Bank of California, at least, were served, as both filed their own motions to dismiss Mr. Perry's complaint in late August 2013. First Bank Motion to Dismiss, ECF No. 32; PFSA Motion to Dismiss, ECF No. 37. (It is unclear whether the State of California has yet been served. It has not yet appeared.) Those motions were set for hearing on November 7, 2013, too. The Portuguese Fraternal Society of America consented to the undersigned's jurisdiction, Consent (PFSA), ECF No. 38, but the First Bank of California has neither consented nor declined yet. Mr. Perry has not filed oppositions to either of these motions.

On October 1, 2013, Mr. Perry filed a motion that asks the court to do the following things: (1) to "adjoin the U.S. Federal Reserve Bank Consumer Help to this action"; (2) to "reconsider" its "dismissal" of the United States Consumer Financial Protection Agency from this action; (3) to "investigate" the "disappearance" of his "evidence" and to accept new "evidence"; (4) and to rule on his August 19, 2013 "Motion Praying the Court to Rule as a Matter of Points of Law." 10/1/2013 Motion, ECF No. 46.

## ANALYSIS

### I. MR. PERRY'S MOTION TO "ADJOIN THE U.S. FEDERAL RESERVE BANK CONSUMER HELP TO THIS ACTION"

The court **DENIES** Mr. Perry's motion to "Adjoin the U.S. Federal Reserve Bank Consumer Help to This Action" for the same reasons that it denied his motion to "Adjoin PFSA to this Action." *See* 7/18/2013 Order, ECF No. 15. If Mr. Perry wishes to seek permission to file a Second Amended Complaint that adds new parties and/or allegations, he must comply with Rule 15. The court once

C 13-02369 LB
ORDER                              3

again strongly urges Mr. Perry to review the court's handbook for pro se litigations, REPRESENTING YOURSELF IN FEDERAL COURT: A HANDBOOK FOR PRO SE LITIGANTS, which is attached to this order, and to make an appointment with JDC Legal Help Center (tel: 415-782-8982), which is located at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, to receive assistance on this matter.

## II. MR. PERRY'S REQUEST THAT THE COURT "RECONSIDER" ITS "DISMISSAL" OF THE UNITED STATES CONSUMER FINANCIAL PROTECTION AGENCY

The court also **DENIES** Mr. Perry's to "reconsider" its "dismissal" of the United States Consumer Financial Protection Agency from this action. The court did not dismiss the United States Consumer Financial Protection Agency from this action; it merely acknowledged that Mr. Perry chose not to name it as a defendant in his First Amended Complaint.

## III. MR. PERRY'S REQUEST THAT THE COURT "INVESTIGATE" THE "DISAPPEARANCE" OF HIS "EVIDENCE" AND ACCEPT NEW "EVIDENCE"

In his motion, Perry claims that he submitted "evidence" to the court, in a separate package, along with his First Amended Complaint. Mr. Perry does not identify this "evidence," and as far as the court knows, all documents included with his First Amended Complaint were filed by the Clerk of the Court, as this is the normal practice. His motion is **DENIED**.

## IV. MR. PERRY'S AUGUST 19, 2013 MOTION "PRAYING THE COURT TO RULE AS A MATTER OF POINTS OF LAW"

As stated above, the court construed Mr. Perry's August 19, 2013 "Motion Praying the Court to Rule as a Matter of Points of Law" as an opposition to Cashcall's motion to dismiss. Opposition, ECF No. 28. To the extent that it is not an opposition, but a motion asking the court to "verify his evidence," *see id.* at 1, or enter judgment in his favor, such a ruling is not proper. As Cashcall correctly explained in its reply:

> First, there is no legal basis for Plaintiff's request for immediate entry of judgment. Because CashCall responded timely to Plaintiff's first amended complaint, Plaintiff is not entitled to request entry of a default judgment under Federal Rule of Civil Procedure 55. In addition, because the pleadings are not yet closed, Plaintiff is not entitled to request judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Moreover, because Plaintiff's motion is not supported by any evidence (among other defects), Plaintiff is not entitled to request summary judgment under Federal Rule of Civil Procedure 56. Thus, Plaintiff's motion is procedurally improper.

Accordingly, Mr. Perry's August 19, 2013 "Motion Praying the Court to Rule as a Matter of Points of Law" is **DENIED**.

## CONCLUSION

For the foregoing reasons, Mr. Perry's motions to "Adjoin the U.S. Federal Reserve Bank Consumer Help to This Action," to "reconsider" its "dismissal" of the United States Consumer Financial Protection Agency from this action, and to "investigate" the "disappearance" of his "evidence" and to accept new "evidence," are all **DENIED**.  His August 19, 2013 "Motion Praying the Court to Rule as a Matter of Points of Law" also is **DENIED**.

Furthermore, in light of First Bank of California's failure to consent to or decline the undersigned's jurisdiction and the questions about whether the State of California has been served and its failure to appear so far (and to consent to or decline the undersigned's jurisdiction), the court **CONTINUES** the hearing on Cashcall's, the Portuguese Fraternal Society of America's, and the First Bank of California's motions to dismiss to **December 19, 2013 at 11:00 a.m.**  Furthermore, in light of this continuation, the Portuguese Fraternal Society of America's administrative motion to appear at the now-vacated November 7, 2013 hearing is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 30, 2013

_____
LAUREL BEELER
United States Magistrate Judge