UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| EDGAR PERRY,<br><br>            Plaintiff,<br>    v.<br><br>CASHCALL INC, et al.,<br><br>            Defendants.<br>_____/ | No. C 13-02369 LB<br><br>**ORDER CONTINUING THE HEARING ON DEFENDANTS' MOTIONS TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF Nos. 25, 32, 37, 64] |

On May 24, 2013, plaintiff Edgar Perry, who is proceeding *pro se*, filed a complaint against defendants Cashcall, Inc. and the United States Consumer Financial Protection Agency. Complaint, ECF No. 1. He also filed an application to proceed *in forma pauperis*. IFP Application, ECF No. 3. The court granted his application on June 10, 2013 and directed the U.S. Marshal to serve the complaint and summonses on both defendants. IFP Order, ECF No. 5. The U.S. Marshal served the complaint and summonses on Cashcall on June 19, 2013 and on the United States Consumer Financial Protection Agency on June 20, 2013. Executed Summonses (Cashcall & CFPA), ECF No. 27.

On July 3, 2013, Cashcall appeared and filed a motion to dismiss, *see* First Motion to Dismiss (Cashcall), ECF No. 11. One week later, Mr. Perry filed a "Motion to Adjoin PFSA to this Action." Motion to Adjoin, ECF No. 14. Mr. Perry stated that the "PFSA" is Portuguese Fraternal Society of America. *Id.* at 1. He asked that the court allow him "to introduce into evidence" certain

correspondence he apparently mailed to the PFSA. *Id.* The court construed Mr. Perry's motion as one to file an amended complaint to add new allegations and denied it without prejudice because he did not follow the procedures for doing so under Rule 15. 7/18/2013 Order, ECF No. 15.

Mr. Perry filed a First Amended Complaint as a matter of course on July 29, 2013. FAC, ECF No. 18. He still named Cashcall as a defendant, but he dropped the United States Consumer Financial Protection Agency as a defendant. *Id.* at 2; *see* SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 8:1386 (amendment under Rule 15 may be used to drop a party), 8:1551 (amended complaint that voluntarily drops a defendant named in the original complaint effectively dismisses that defendant from the action). He also added three additional parties as defendants, namely, the Portuguese Fraternal Society of America; First Bank of California; and the State of California. *See* FAC, ECF No. 18 at 2. Cashcall filed a motion to dismiss Mr. Perry's First Amended Complaint. Motion to Dismiss (Cashcall), ECF No. 25.

In light of the court granting Mr. Perry's IFP Application and ordering the United States Marshal to serve the original complaint and summonses, the court ordered the United States Marshal to serve the First Amended Complaint on the Portuguese Fraternal Society of America, First Bank of California, and the State of California. 8/21/2013 Order, ECF No. 30. The court acknowledged that Mr. Perry had dropped the United States Consumer Financial Protection Agency as a defendant in his First Amended Complaint and continued the hearing on Cashcall's motion to dismiss to allow the three new defendants time to be served and appear in this action. *Id.*

The U.S. Marshal served the Portuguese Fraternal Society of America and the First Bank of California on August 28, 2013, Executed Summons, ECF No. 64 at 1, 2, and they both filed their own motions to dismiss Mr. Perry's First Amended Complaint in late August 2013, Motion to Dismiss (First Bank), ECF No. 32; Motion to Dismiss (PFSA), ECF No. 37. The State of California was not served until December 11, 2013, Executed Summons, ECF No. 64 at 3, and so far it has not appeared in this action, *see generally* Docket. The executed summons for the State of California states that it was served on "N. Lie for J. Devine, CA AG office SF." Executed Summons, ECF No. 64 at 3. The court notes that a "John Preston Devine" with the California Attorney General's Office

C 13-02369 LB
ORDER                                               2

is listed as an active member on the California State Bar's website.

Under 28 U.S.C. § 636, the court needs the consent of all served parties to decide the pending motions to dismiss. See 28 U.S.C. § 636(c). While an unserved defendant is not a party under 28 U.S.C. § 636(c), *see Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction), in this action all four defendants have been served, but the court is still missing consent from the State of California. Consent (Perry), ECF No. 9; Consent (Cashcall), ECF No. 13; Consent (PFSA), ECF No. 38; Consent (First Bank), ECF No. 57.

Given this situation, the court must **CONTINUE** the hearing on pending motions to dismiss from February 6, 2014 to March 6, 2014 at 9:30 a.m. in Courtroom C, 15th Floor, United States District Court, San Francisco, California, 94102. The court also **SETS** a telephonic case management conference for 11:00 a.m. on February 6, 2013. Defendants may appear at it via Courtcall; they may contact courtroom deputy Lashanda Scott at 415-522-3140 for any necessary assistance. Mr. Perry also may appear by telephone. To do so, he should contact Ms. Scott by 12:00 p.m. (noon) on February 5, 2014 to provide her with a telephone number so the court can call him at 11:00 a.m. on February 6, 2014. The court asks Defendants to file an informal, short statement by the close of business on February 3, 2014 with any information they might have about service on the State of California. If appropriate, they could contact Mr. Devine.

**IT IS SO ORDERED.**

Dated: January 30, 2014

_____
LAUREL BEELER
United States Magistrate Judge