UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| EDGAR PERRY,<br><br>  Plaintiff,<br>  v.<br>CASHCALL, INC., et al.,<br><br>  Defendants.<br>_____/ | No. C 13-02369 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING WITH PREJUDICE PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>[Re: ECF Nos. 102] |

**INTRODUCTION**

Before the court is Defendant CashCall, Inc.'s ("CashCall") motion to dismiss Plaintiff Edgar Perry's Third Amended Complaint. *See* Third Amended Complaint ("TAC"), ECF No. 101; Motion to Dismiss TAC, ECF No. 102. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the September 4, 2014 hearing. Upon consideration of the moving papers, the record in this case, and the applicable authority, the court **GRANTS** CashCall's motion and **DISMISSES WITH PREJUDICE** Mr. Perry's Third Amended Complaint.

**STATEMENT**

In this action, Mr. Perry, who is proceeding *pro se*, sued four Defendants: CashCall; First Bank of California ("First Bank"); the Portuguese Fraternal Society of America ("PFSA"); and the State of

California. *See* First Amended Complaint ("FAC"), ECF No. 18.[1] Defendants moved to dismiss Mr. Perry's First Amended Complaint. *See* CashCall's Motion, ECF No. 25; First Bank's Motion, ECF No. 32; PFSA's Motion, ECF No. 37; State of California's Motion, ECF No. 70.

On March 17, 2014, the court granted Defendants' motions, dismissing with prejudice Mr. Perry's claims against the State of California, First Bank, and PFSA and his TILA claim against CashCall, and dismissing without prejudice his breach of contract claim against CashCall. *See* 3/17/2014 Amended Order, ECF No. 86. The court granted Mr. Perry leave to file a Second Amended Complaint by April 7, 2014 to re-allege his breach of contract claim against CashCall. *See id.*

On March 28, 2014, Mr. Perry appealed the court's order to the United States Court of Appeals for the Ninth Circuit. *See* Notice of Appeal, ECF No. 87. On May 21, 2014, the Ninth Circuit panel dismissed his appeal for lack of jurisdiction because the order he challenged—the court's March 17, 2014 Amended Order granting Defendants' motions to dismiss—was not final or appealable. *See* Order of USCA, ECF No. 91.

In light of Mr. Perry's appeal and the Ninth Circuit's order, and to clarify the required next steps, the court gave Mr. Perry until June 9, 2014 to file a Second Amended Complaint to re-allege his breach of contract claim against CashCall. *See* 5/23/2014 Order, ECF No. 92. Mr. Perry failed to meet this deadline and filed his Second Amended Complaint on June 11, 2014. *See* Second Amended Complaint ("SAC"), ECF No. 95. In addition, Mr. Perry failed to limit the Second Amended Complaint to the breach of contract claim against CashCall. *See id.* Rather, Mr. Perry again sued all four Defendants, asserting the same claims that he did before. *See id.*

Because Mr. Perry is a *pro se* litigant, the court provided him with another opportunity to file an amended complaint that complied with the court's March 17, 2014 order. *See* 6/16/2014 Order, ECF No. 97. The court gave him until July 7, 2014 to file a Third Amended Complaint and explained to him that he may re-allege his breach of contract claim against CashCall but may not re-allege the claims he brought against the State of California, First Bank, and PFSA, or his TILA claim against

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1  CashCall. *See id.*  The court also warned Mr. Perry that should he fail to file a Third Amended
2  Complaint timely and in compliance with the above-mentioned directions, the court may dismiss his
3  action for failing to prosecute it. *See id.*

4  On June 7, 2014, Mr. Perry filed a Third Amended Complaint. *See* TAC, ECF No. 101. His
5  Third Amended Complaint is identical to his Second Amended Complaint, except that his Third
6  Amended Complaint redacts his allegations against the State of California, First Bank, and PFSA,
7  and his demand for relief against them. *See id.*  This means that he once again has brought a TILA
8  claim against CashCall, even though the court already dismissed that claim with prejudice. *See id.*
9  It also means that he has added no new allegations to support his breach of contract claim against
10 CashCall. *See id.*

11 On July 18, 2014, CashCall filed a motion to dismiss Mr. Perry's Third Amended Complaint.
12 Motion to Dismiss TAC, ECF No. 102.  On July 28, 2014, Mr. Perry filed an "Answer," which the
13 court construes as an opposition, to CashCall's motion to dismiss, arguing only that "anyone only
14 has to put on the 'reading glasses' and see what the Complaint in this action says." *See* Opposition,
15 ECF No. 104.[2]

## ANALYSIS

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain

---

[2] On June 18, 2014, Mr. Perry also filed a "Motion for Ruling of Filed 7/7/2011." *See* Motion for Ruling, ECF No. 103.  In it, Mr. Perry says that the court did not "make a ruling" with respect to his Third Amended Complaint within 15 days of his filing it. *See id.*  He then suggests that he would like to appeal the court's failure to do so to the Ninth Circuit. *See id.*  And in his July 28, 2014 opposition, Mr. Perry asks the court for a ruling on his June 18, 2014 motion. *See* Opposition, ECF No. 104.

There are a couple of problems with this.  First, when Mr. Perry filed his motion, the court had not yet ruled on CashCall's motion to dismiss Mr. Perry's Third Amended Complaint because all of the briefs (*e.g.*, Mr. Perry's opposition and CashCall's reply) had not yet been filed.  Thus, his request that the court rule with respect to his Third Amended Complaint was premature.  Second, the problem with construing his motion as a notice of appeal is that there is no order for him to appeal.  Once the court issues the instant order (which dismisses with prejudice his Third Amended Complaint), Mr. Perry may avail himself of any rights of appeal that he may have.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. APPLICATION

As the court recounted above, Mr. Perry once again brings a TILA claim and a breach of contract claim against CashCall. As for his TILA claim, the court previously dismissed it with prejudice. The court does so once again, as Mr. Perry was not allowed to re-allege it.

As for breach of contract claim, Mr. Perry has had multiple opportunities to allege additional facts in support of it. In its March 17, 2014 Amended Order, the court summarized Mr. Perry's allegations and explained why they were not sufficient:

> Finally, as for CashCall, Mr. Perry alleges that, "[a]bout one year ago," a CashCall loan officer promised him a "refinance mortgage loan" with an interest rate of 2.75% and no closing costs. FAC, ECF No. 18 at 4. He further alleges that his credit was approved, CashCall had his property (which was to be used as collateral) appraised, and "all necessary steps" for the loan were taken. *Id.* In the end, however, CashCall denied the loan "based on [the] lack of property owner's insurance on collateral property." *Id.* Mr. Perry also alleges that a second CashCall loan officer told him that he could close the loan by paying $4,000 in closing costs and providing a death certificate for the previous owner of the property to be used as collateral. *Id.* He alleges that he provided CashCall with a death certificate, but CashCall still refused to give him a loan. *Id.* Through this action, Mr. Perry seeks from CashCall only $2,780, which he says is "2% of [the] interest difference he ha[d] to pay [to] refinance" his mortgage with another lender. *Id.* at 8.
>
> CashCall argues that Mr. Perry's claim fails because he does not specify the legal claim that he brings against it. CashCall's Motion, ECF No. 25 at 5-6. It posits that Mr. Perry may bring a TILA claim (even though Mr. Perry does not allege disclosure deficiencies), and then correctly explains that such a claim would fail because Mr. Perry never consummated a loan with CashCall. *See Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 505 (9th Cir. 1978) ("There can be no violation of [TILA] until the transaction is consummated.") (citations omitted). Perhaps more on point, to the extent that Mr. Perry brings a breach of contract claim (which CashCall does not mention), the court finds that he has not sufficiently alleged the terms of the purported contract, how he fulfilled all of his promises, and how CashCall breached its promises. While he alleges that CashCall stated that a loan with certain features was available (i.e., a "refinance mortgage loan" with an interest rate of 2.75% and no closing costs), he does not allege all of the things he had to do to be approved for it or that he did all of those things. For instance, he alleges that he was denied a loan because the property to be used for collateral lacked insurance, but he does not allege that the property actually was insured[3] or that this requirement was not a term of the purported contract. In short, assuming that Mr. Perry brings a breach of contract claim against CashCall, the court finds that it is not sufficiently alleged. That said, the court cannot say at this time that he will not be able to allege it sufficiently. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Perry's breach of contract claim against CashCall. To the extent that Mr. Perry brings a TILA claim

---

[3] Mr. Perry does, however, state in his opposition that the property was insured "[u]p to April 27, 2013," "for a full year." Opposition, ECF No. 28 at 2. This is not entirely helpful because, first, allegations must be contained in a complaint, and second, Mr. Perry never alleged the date on which CashCall denied his loan application.

against CashCall, it is **DISMISSED WITH PREJUDICE**.

3/17/2014 Amended Order, ECF No. 86 at 10-12 (emphasis in original). The court gave Mr. Perry multiple opportunities to remedy the deficiencies in his allegations, but he failed to include any additional facts in either his Second or his Third Amended Complaints. He has failed to comply with Rule 8's notice pleading standard and has not provided CashCall with "fair notice" of the claim against it and the grounds for relief. *See* Fed. R. Civ. P. 8(a)(2); *Twombly,* 550 U.S. at 555; *see also Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010) ("Although *pro se* pleadings are liberally construed . . . a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)."). Accordingly, because the court has given Mr. Perry two opportunities to allege sufficient facts in support of his claim and has given him ample direction about how to do so, and yet he still has not, the court dismisses with prejudice Mr. Perry's Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** CashCall's motion and **DISMISSES WITH PREJUDICE** Mr. Perry's Third Amended Complaint.

**IT IS SO ORDERED.**

Dated: July 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge